517 F.2d 164
 170 U.S.App.D.C. 350
 EDISON PHARMACEUTICAL COMPANY, INC., Petitioner,
v.
FOOD AND DRUG ADMINISTRATION, Department of Health,
Education and Welfare, and Caspar W. Weinberger,
Secretary, Department of Health,
Education and Welfare, Respondents.
 No. 73-2254.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 27, 1974.
Decided Aug. 11, 1975.
 
 Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges.
 
 ORDER
 
 1
 Respondents' suggestion for rehearing en banc having been transmitted to the full Court and no Judge having requested a vote thereon, it is
 
 
 2
 Ordered by the Court en banc that respondents' aforesaid suggestion for rehearing en banc is denied.
 
 
 3
 Statement of Circuit Judge LEVENTHAL, joined in by Chief Judge BAZELON and Circuit Judges WRIGHT, McGOWAN and ROBINSON, as to why they did not request that a vote be taken on the suggestion to En Banc.
 
 
 4
 The Commissioner of Food and Drugs refused to approve a New Drug Application (NDA) submitted by Edison Pharmaceutical Company for the drug Cothyrobal.
 
 
 5
 The FDA's final order of October 26, 1973, identified various deficiencies in Edison's NDA. The panel opinion focused on the FDA's conclusions that there was a lack of substantial evidence of Cothryobal's effectiveness and that Edison failed to submit adequate and well-controlled investigations demonstrating effectiveness. The panel opinion reverses and requires an FDA hearing.
 
 
 6
 The FDA's suggestion for rehearing en banc is concerned with how the panel opinion may be taken from what it "appears to require" and from what it "implies."
 
 
 7
 I would be similarly concerned if it did not appear that this is a unique case, to be limited to its special facts and history.
 
 
 8
 In a 1972 opinion this court was concerned with the antitrust suit brought by Edison and the drug's inventor, Dr. Murray Israel, against Baxter Laboratories and certain FDA personnel, for conspiring to keep Cothyrobal off the market by influencing FDA to deny fair consideration to the NDA. This court directed the district court to remand the question of safety and efficacy of Cothyrobal to the FDA, in view of its primary jurisdiction, but to retain jurisdiction so as to accord plaintiffs a full hearing if they did not "obtain full and fair consideration by the FDA as to the safety and efficacy of their drug Cothyrobal for interstate (Commerce.)"[1]
 
 
 9
 Although at one point the current panel opinion disclaims any ruling that the prior decision required FDA to provide a hearing (see its fn. 28), at another point it decries the fact that Edison's application has been thrice denied, over during a period of some six years, "without an opportunity for hearing despite direction to the contrary from this Court." (513 F.2d at 1072).
 
 
 10
 The FDA says that subsequent to our remand it followed its usual procedures for this case after assuring that there would be no participation on this re-evaluation by any of the employees involved in the initial disapproval of Cothyrobal. On that assumption, the FDA's suggestion for reconsideration makes out a strong case for the propriety of its action.[2] But what the panel opinion is in effect holding is that in view of the history of possible implication of FDA's employees in an unlawful conspiracy against Edison, FDA should have resolved doubts in this particular case, in favor of holding a hearing on any disputed items. That ruling, while unusual, is not of such broad application as to lead us to devote the time and energy required of this court every time it gathers en banc.
 
 
 11
 There is perhaps greater difficulty with the panel's direction that the FDA hold an evidentiary hearing not only on the threshold controlled test issue, but also "hold a full evidentiary hearing on all relevant issues relating to the approvability of petitioner's application, whichever way he (the FDA Commissioner) decides the threshold issue." (513 F.2d at 1072.) The panel opinion acknowledges that this is an exceptional ruling, inserted in order to "enable this Court on review finally to bring this proceeding to a close." (513 F.2d at 1072.)
 
 
 12
 The FDA's en banc suggestion points out that there are a number of facial inadequacies in Edison's NDA, none of which are really disputed by Edison, some of which[3] are serious, and which cumulatively amply satisfy FDA's action in denying both a hearing, and approval of the drug.[4] FDA concludes: "Nothing that Edison might now prove at a hearing could erase them."
 
 
 13
 Substantial evidence of effectiveness is a necessary but not a sufficient condition for approval of a NDA. It may very well be that the hearing required by this court will be an exercise in futility.[5] On the other hand, the court's concern with avoiding a yo-yo, in which one mistake at a time may be first made and then corrected by the court, produced an exceptional ruling in the context of a unique history. It is not to be given a broad reading that might, as the FDA en banc request puts it, "threaten to disrupt the Agency's successful implementation of the drug efficacy requirements of the 1962 Drug Amendments" or be taken as a decision that " implies a fundamental alteration of the standards that the Agency is required to apply in approving new drugs." This was a balky case, and this is a decision to rein in, not to be given its head to run away with the law.
 
 
 
 [1]
 Israel v. Baxter Laboratories, 151 U.S.App.D.C. 101, 466 F.2d 272 (1972)
 
 
 [2]
 As the panel opinion viewed the matter Edison's request for rehearing put it to the FDA that although its studies may have been technically deficient they were "as scientifically sound and objective as it was humanly possible to make" because Edison could not present controlled studies comparing Cothyrobal with levothyroxine without danger to subjects taking the latter. The panel opinion requires an evidentiary hearing before FDA on this issue (unless it is determined that double-blind tests comparing Cothyrobal and a placebo would be sufficient). The FDA's suggestion for rehearing en banc sets forth (p. 12) that Edison's argument based on danger of the combination of levothyroxine and concomitant oral thyroid medication was advanced the first time in the reply brief filed in this court (at p. 23), that Edison's hearing request to FDA was based to the exact contrary, stating: "Such dosage is toxic when levothyroxine is administered alone." Citing request for Hearing, Brief for Petitioner, App. at 41. Accordingly, the FDA, having answered the position that Edison took in its hearing request, is in effect being held accountable for not anticipating the new argument later pressed on the court
 One who reads only the panel opinion would likely gain the impression that FDA had acted improperly in failing to respond to the "combination" point. But when a reader is armed with the FDA suggestion for en banc consideration and then studies the panel opinion, it develops that the court does not explicitly condemn the FDA action's failure to respond to combination point, but says that if a hearing had been held "it is at least more likely that it (Edison) could have made its point more clearly. At least it (the point) could have been given the attention it deserves."
 
 
 [3]
 FDA particularly cites Edison's failure to submit adequate animal toxicity data and to conduct appropriate clinical testing
 
 
 [4]
 FDA also noted (suggestion, at p. 8): "It is the presence of these other deficiencies rendering Edison's NDA unapprovable that explains the " concession" by government counsel at oral argument that the Commissioner would not be obliged to hold a hearing even if Edison had conducted clinical trials of the drug using placebo controls."
 
 
 [5]
 Even the hearing on effectiveness will be futile says FDA, since Edison's new "combination" position "is frivolous on its face." FDA states (suggestion, p. 13): "Under Edison's own view of the scientific evidence, levothyroxine can be tested in a control group without hazard so long as the parties are not also taking oral thyroid medication, which has the same therapeutic purpose as levothyroxine and therefore need not be taken at the same time."